UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES**,<br><br>          Plaintiff,<br><br>     v.<br><br>**JAMES JOHNSON**,<br><br>          Defendant. | Criminal Action No. 19-cr-0052 (TSC) |

## MEMORANDUM OPINION

Defendant James Johnson was arrested and incarcerated on March 1, 2019 after being indicted on various drug and gun charges. *See* Indictment, ECF No. 1. Johnson later pleaded guilty to Count Two of the indictment: *Simples Possession of a Controlled Substance*. *See* November 5, 2021 Min. Entry; Plea Agreement, ECF No. 119. He was then sentenced to twelve months of incarceration—with credit for time served—and one year of supervised release on January 19, 2022. *See* Judgment at 2, ECF No. 136. In the time between Johnson's arrest and sentencing, he served approximately twelve to fourteen months in prison. *See* Gov't Sentencing Mem. at 6, ECF No. 130; Def. Memo. in Aid of Sentencing ¶ 2, ECF No. 132. Thus, Johnson was released from prison to serve his one-year term of supervised release. *See* Judgment at 2, 3.

Shortly thereafter, Johnson violated his supervised release conditions. The court issued a warrant for his arrest, which was executed on March 11, 2022. *See* March 11, 2022 Minute Entry. After being held for approximately three months, Johnson was sentenced on June 10 to "eleven (11) months with credit for time served" on the violations of his supervised release. *See* J. on Revocation at 3, ECF No. 145.

In doing so, the court believed that Johnson would be expeditiously, if not immediately released, based on the time that he had served awaiting sentencing on both his original criminal conviction, and the violations of his supervised release. That belief was shared by both the Defense and the Government. *See* Status Report ¶ 1, ECF No. 148 ("The Government notes that at the hearing on violation on June 10, 2022, the parties were under the impression that a sentence of 11 months with credit for time served would result in the defendant's immediate release in this case.").

Johnson, however, remained incarcerated. *See* Def. Mot. for Release Order ¶¶ 3, 5, ECF No. 147. On June 20—ten days after his sentencing hearing—he thus moved for an immediate order of release. *Id.* The court requested that the Government and the Probation Office respond to Johnson's motion by June 27. *See* June 23, 2022 Min. Entry. The Government did not object to Johnson's motion, noting that it also believed that he should have been released after the June 10 sentencing hearing. Status Report ¶ 1. The Probation Office's memorandum indicated that Johnson's time served awaiting sentencing for his original conviction was not applicable to his sentence for the violations of his supervised release. Probation Office Mem. at 2, ECF No. 149; *see also* 18 U.S.C. § 3585(b)(1). Thus, because Johnson had been detained for three months and five days—as of June 27, 2022—he still had an estimated eight months remaining on his supervised release violation sentence, a term of incarceration that was not intended by the court or the parties at the June 10 sentencing.

The court clearly erred in its oral pronouncement of Johnson's sentence. Fortunately, a court may correct a sentence that resulted from "arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). This provision allows courts to correct sentences "in which an obvious error or mistake has occurred." Fed. R. Crim. P. 35, advisory committee's note to 1991

amendment. The court should make that correction within fourteen days of sentencing, defined as the "oral announcement of the sentence." Fed. R. Crim. P. 35(a), (c).

Rule 35(a)'s fourteen-day limitation period is a nonjurisdictional procedural limitation that may be fairly subject to equitable tolling. In general, limitations "found in a procedural rule, not a statute, [are] properly classified as a nonjurisdictional claim-processing rule." *See Nutraceutical Corp. v. Lambert*, 139 S. Ct. 710, 714 (2019). Indeed, procedural requirements like Rule 35(a) should only be treated as jurisdictional if there is clear statutory intent that it should be treated as such. *See Boechler, P.C. v. Comm'r of Internal Revenue*, 142 S. Ct. 1493, 1497 (2022). There is no such statutory intent here: the statute that governs the district court's authority to modify a sentence does not even mention the word "jurisdiction," let alone cabin the district court's exercise thereof. 18 U.S.C. § 3582(c)(1)(A), (B). Thus, the D.C. Circuit has held that Rule 35 is not jurisdictional and "no more than a claim-processing rule," while also calling into question whether § 3582 bears any jurisdictional import whatsoever. *United States v. Smith*, 467 F.3d 785, 788 (D.C. Cir. 2006) (citing *Eberhart v. United States*, 546 U.S. 12, 19 (2005)).

Of course, not all nonjurisdictional rules may be subject to equitable tolling: certain rules are mandatory and may not be tolled. *See, e.g.*, *Nutraceutical Corp.*, 139 S. Ct. at 714 (Federal Rule of Civil Procedure 23(f) is a nonjurisdictional rule not subject to equitable tolling). But mandatory rules are those that "'seek to promote the orderly progress of litigation by requiring that the parties take certain procedural steps at certain specified times.'" *Manrique v. United States*, 137 S. Ct. 1266, 1272 (2017) (quoting *Henderson v. Shinseki*, 562 U.S. 428, 435 (2011)). By contrast, Rule 35(a)'s fourteen-day window applies to the court, not the parties: it is thus not mandatory, and may be subject to equitable tolling.

Equitable tolling is appropriate here. Johnson pursued his rights diligently: his motion was filed ten days after the sentencing hearing, within Rule 35(a)'s fourteen-day window. *Cf. Menominee Indian Tribe of Wisconsin v. United States*, 577 U.S. 250, 255 (2016) ("[A] litigant is entitled to equitable tolling . . . [when] he has been pursuing his rights diligently. . . ."). Moreover, the Government does not object to Johnson's motion, and agrees with his (and the court's) characterization of the sentence: there is no risk of prejudice if the limitations period is tolled. *See Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984) ("[A]bsence of prejudice is a factor to be considered in determining whether the doctrine of equitable tolling should apply. . . ."). Not applying equitable tolling would leave Johnson incarcerated when the court expressly indicated that it did not intend for him to be. This, therefore, is the sort of "rare situation where "equitable tolling is demanded by sound legal principles as well as the interests of justice." *Alvarez-Machain v. United States*, 96 F.3d 1246, 1251 (9th Cir. 1996).

The court therefore finds that Rule 35(a)'s limitation period was equitably tolled from the filing of Johnson's motion on June 20. That finding is in accordance with the view that § 3582(c)(1)(B) "does not impose any substantive or procedural limits on a district court's discretion." *Concepion v. United States*, No. 20-1650, 2022 WL 2295029 at *10 n. 5 (2022).

Accordingly, the court will amend the Judgment to reflect a sentence of **three months incarceration, with credit for time served**. That sentence reflects the stated intent of the court at Johnson's June 10 hearing to impose a sentence that would result in his expeditious release: a belief shared by the Johnson and the Government. Given the Probation Office's representation of the time that Johnson has served awaiting sentencing on his supervised release violation, that sentence will achieve the court's intended and professed goals in sentencing Johnson for his conduct.

An Order will be issued contemporaneously with this Memorandum Opinion. The Judgment on Revocation entered on June 15, 2022, ECF No. 146 will be amended to reflect that order. Finally, Johnson's Motion for Release from Custody will be **DENIED without prejudice** as moot, as the corrected sentence should result in the relief requested in that motion.

Date: July 14, 2022

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge